**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 4, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40924
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MIGUEL ANGEL ALFARO-LOPEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1280-ALL
--------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Miguel Angel Alfaro-Lopez ("Alfaro") appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States after deportation following the commission of an aggravated felony. He argues that the district court erred by applying the 16-level enhancement for a prior conviction for a crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) on the basis of his prior state felony convictions for battery on a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

law enforcement officer. Alfaro maintains that these convictions were not aggravated felonies because he received a sentence of less than one year confinement for each offense. While Alfaro concedes that the literal language of the guideline does not require a prior conviction to be an aggravated felony to qualify as a crime of violence, he contends that the clear intent of the Sentencing Commission was for the crime of violence enhancement not to apply to crimes that were not aggravated felonies.

Because Alfaro did not raise this issue below, we review for plain error. See United States v. Hull, 160 F.3d 265, 271 (5th Cir. 1998). As Alfaro is raising an issue of apparent first impression and the district court's ruling was consistent with the plain language of the guideline, the district court's application of the crime of violence enhancement was not plain error. See id. at 272 (extension of precedent cannot be the basis of plain error).

Alfaro additionally argues, for the first time on appeal, that the sentence enhancing provisions contained in 8 U.S.C. §§ 1326(b)(1) and 1326(b)(2) are unconstitutional. Alfaro concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  As Alfaro acknowledges, this court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

For the foregoing reasons, Alfaro's sentence is AFFIRMED.